**The STATE of Ohio, Appellee,**

v.

**PENDLETON, Appellant.**

[Cite as *State v. Pendleton* (1995), 104 Ohio App.3d 785.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940655.

Decided June 21, 1995.

786

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Tina I. Ernst*, Assistant Prosecuting Attorney, for appellee.

*David W. Campbell*, for appellant.

---

*Per Curiam.*

In exchange for the state's agreement to drop a charge of drug abuse against him, defendant-appellant entered a plea of guilty to one charge of aggravated trafficking pursuant to R.C. 2925.03(A)(2) and one count of carrying a concealed weapon pursuant to R.C. 2923.12. At the sentencing hearing, defendant presented an affidavit of indigency. The court imposed a term of incarceration and, following a hearing on the indigency issue, it also ordered the defendant to pay a $2000 fine.[1] In his sole assignment of error, defendant argues that the trial court abused its discretion in imposing this fine upon him in the face of his indigency. We agree.

The defendant relies upon R.C. 2929.14(C), which states that the court shall not impose a fine for a felony which exceeds the amount the offender will be able to pay. However, in this case, the trial court imposed the fine under R.C. 2925.03(H)(3), which specifically states that it applies "notwithstanding section 2929.14 of the Revised Code."

Pursuant to R.C. 2925.03(H)(3), when a defendant is convicted of a violation of R.C. 2925.03(A)(2), the court shall impose a mandatory fine of $2000. The mandatory fine must be imposed unless the accused can satisfy the requirements of R.C. 2925.03(L), which provides:

"No court shall impose a mandatory fine pursuant to division (H) of this section upon an offender who alleges, in an affidavit filed with the court prior to his sentencing, that he is indigent and is unable to pay any mandatory fine imposed pursuant to that division, if the court determines that the offender is an indigent person and is unable to pay the fine." See, also, *State v. Cravens* (1988), 42 Ohio App.3d 69, 536 N.E.2d 686; *State v. Creech* (June 29, 1993), Scioto App. No. 92 CA 2053, unreported, 1993 WL 235566.

---

1. At the sentencing hearing, the court stated it was imposing the mandatory fine of $2000. It made no mention of any additional fine. However, the judgment entry journalizing the sentence refers to a fine of $2500. We assume this to be an error.

■ The statute requires and this court has held that the indigency affidavit must be filed prior to sentencing. *State v. Edwards* (Apr. 10, 1991), Hamilton App. Nos. C–900212 and C–900266, unreported, 1991 WL 50314. However, in this case, in distinction to *Edwards*, although the court verbally completed its sentence, the sentence had not yet been journalized. The court expressly accepted the affidavit and allowed a hearing to proceed on the issue of indigency. The prosecution raised no objection. Thus, we hold that the issue of indigency was properly and timely before the trial court. Accord *State v. Adkins* (Feb. 28, 1992), Ashtabula App. No. 91–A–1651, unreported, 1992 WL 191938.

■ Merely because an offender has filed an affidavit of indigency with the court does not automatically mean that person is indigent. The court must make a finding that the defendant is in fact indigent. *State v. Neubert* (Nov. 8, 1989), Hamilton App. Nos. C–880674 and C–880663, unreported, 1989 WL 133529. In this case, the trial court made its finding that defendant was not indigent because he was able to hire retained counsel. The record reflects that counsel was retained for the defendant by his stepfather. The court announced before the indigency hearing that "[w]hen attorneys are retained, I impose the fine. If it's a public defender case I don't." We hereby expressly disapprove this policy. See *State v. Emrich* (Mar. 10, 1995), Clark App. No. 94–CA–0005, unreported, 1995 WL 102891 ("[A] defendant's hiring of private counsel to defend against certain drug offenses is not determinative of his lack of indigency for the purpose of imposing a mandatory fine.").

■ The state argues that the evidence before the court was sufficient to show that defendant had the financial means to pay the fine. We disagree. The evidence before the court was wholly uncontroverted that the defendant was then unable to pay the fine. We agree with the court of appeals in *State v. Lefever* (1993), 91 Ohio App.3d 301, 309, 632 N.E.2d 589, 590, that the mere possibility that the offender may be able to pay the fine in the future, or pay it in the future in installments, is not a proper basis on which to find that a defendant is not indigent. See, also, *Adkins, supra.*

Accordingly, defendant's assignment of error is sustained. That part of defendant's sentence ordering him to pay a mandatory fine of $2500 is vacated. The rest of the sentence is to be undisturbed, and we hereby remand this case to the court of common pleas for the entry of judgment accordingly.

*Judgment accordingly.*

GORMAN, P.J., HILDEBRANDT and BETTMAN, JJ., concur.