JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Jorel Goldberg was convicted, following a bench trial, of aggravated robbery and robbery. Goldberg has appealed, raising three assignments of error for our review.
In reviewing the record certified to us, we have discovered that it does not contain a signed waiver of Goldberg's right to trial by jury. Absent strict compliance with R.C. 2945.05, which requires that a written waiver, signed by the defendant, be filed and made a part of the record, a trial court lacks jurisdiction to try a defendant without a jury. See State v. Pless (1996),74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus;State v. Morris (Oct. 23, 1998), Hamilton App. No. C-971119, unreported; State v. Mitchell (Jan. 30, 1998), Hamilton App. No. C-910485, unreported, appeal not allowed (1998), 82 Ohio St.3d 1411,694 N.E.2d 74. "The requirement in R.C. 2945.05 that a jury-waiver form must be `filed in said cause and made a part of the record thereof' means that the form must be time-stamped and included in the record." State v. Gipson (1998), 80 Ohio St.3d 626,687 N.E.2d 750. The omission of a jury waiver is plain error pursuant to Crim.R. 52(B). See State v. Morris, supra; State v.Pflanz (Oct. 22, 1999), Hamilton App. No. C-990146, unreported;State v. Berry (Dec. 31, 1998), Hamilton App. No. C-970701, unreported. Therefore, the judgment of the trial court must be reversed.
Because Goldberg's assignments of error are made moot by our disposition in this case, we do not address them.
The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and this Judgment Entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and SUNDERMANN, JJ.