OPINION
Appellant, Jason P. Anderson, appeals from the judgment of the Ashtabula County Court of Common Pleas entered December 1, 1998. Appellant, a prisoner, had filed a motion for judicial release on October 21, 1998. A hearing was held on November 30, 1998. Immediately prior to the hearing, appellant filed a motion to withdraw the motion for judicial release. This motion was denied as, subsequently, was the motion for judicial release. Appellant assigns as error the denial of the motion to withdraw the motion for judicial release. The following facts are relevant to a determination of this appeal.
On June 4, 1997, appellant was indicted on one count of felonious assault, a second degree felony, one count of kidnapping, a felony of the first degree, and one count of burglary, a felony of the second degree. One evening, the appellant broke into his ex-girlfriend's home. He was there when she returned home at approximately 11:00 p.m. He pulled her out of her car by her hair and began beating her in the driveway. He dragged her into the house and continued to beat her. This continued until approximately 6:00 a.m. During this time, appellant restrained her so she could not call for help. At approximately 6:00 a.m., he allowed her to call a friend, and left the house before the police arrived. As a result of the beating, the victim required re-constructive surgery on her mouth, right eye and face, her vision was permanently affected, her teeth permanently shifted, and injury to an ear resulted in permanently diminished hearing.
A plea agreement was entered wherein the appellant pled guilty to the felonious assault charge and agreed not to contest the results or conclusions of the presentence investigation with respect to appellant's prospects for community control. In exchange, the state dismissed the kidnapping and burglary charges. The defendant pled guilty on July 21, 1997, and was subsequently sentenced on September 29, 1997, to four years of incarceration.
Appellant filed a motion for judicial release on October 21, 1998. In a notification letter dated November 9, 1998, appellant was informed the motion hearing was scheduled for November 24, 1998. Due to the absence of appellant's counsel, the hearing was continued to November 30, 1998, and conducted on that date. Immediately prior to the hearing, appellant filed a motion to withdraw the motion for judicial release. The court heard the arguments of the parties with respect to this motion. Appellant Cargued several reasons why the motion should be granted, including that the court had not received a report from the correctional facility in which appellant was confined detailing the appellant's behavior while incarcerated. In support of this argument, appellant cited R.C. 2929.20(E), which states that the institution, prior to the date of the hearing, "* * * shall send to the court a report on the eligible offender's conduct in the institution * * *." Division (E) also states "[t]he report shall be made part of the record of the hearing."
Appellant, noting the mandatory language in the statute, argued proceeding with the hearing without this report would be prejudicial to his client. After advancing this argument, the court asked appellant's counsel, "[i]sn't that your obligation to get that?" Counsel responded, "[j]udge, my understanding is that it's an obligation directed to the institution." No further discussion was had with respect to who is responsible for producing the document. R.C. 2929.20(D) states that if the court schedules a hearing on a motion for judicial release, "[t]he eligible offender promptly shall serve a copy of the notice of the hearing on the head of the state correctional institution in which the eligible offender is confined." Appellant's counsel did not indicate that he or his client ever served the notice, and the record indicates that no notice (to the institution) was filed with the court. Nor did the court, in accordance with R.C. 2929.20(F), order that appellant attend the hearing, which would require that the correctional institution facilitate his delivery to the court. Thus, it appears the institution had no formal notice of the hearing.
The motion to withdraw the motion for judicial release was denied and the hearing on the motion for judicial release proceeded. The prosecutor made a number of representations regarding how appellant had been behaving in prison, specifically, that he had been contacting the victim and her friends while in prison, which resulted in his being placed in solitary confinement twice. The victim was the only person to testify. She indicated to the court the extensive nature of appellant's attempts to communicate with her while in prison, which were totally unwelcome. She indicated the extent of her physical and emotional injuries, and the fact that she and her children live in fear of his release. She also indicated her belief that the only place appellant would have to live upon release was with his brother, who lives approximately one mile from her home, which was a cause of great concern.
At the close of the hearing, the court indicated its belief that the correctional facility report of the prisoner's behavior was only mandatory if the court was going to grant the motion for judicial release, implying its belief that it was not mandatory if it intended to deny the motion. The court indicated it would check the statute prior to preparing a judgment entry. The court then stated the following:
 "I can tell you the court's disposition at this time is to deny this motion; and it's not being denied because of the letters I received or the letters that were delivered to the court signed by Jason Anderson. It's being denied basically and strictly (sic) of the severity of this offense.
 "This women was held prisoner in her home for six to eight hours. She was assaulted in her driveway. There were fists full of hair that were pulled from her head (sic) were found outside. She was beaten; she had fractured bones. And when it ended Mr. Anderson never called for any help, he just left.
 "What bothers the court, this was all stated at the time the defendant was sentenced, he's got a prior history of doing the same thing, not to this extent, but he had convictions, I believe it was in New York state, probations have been revoked. Harassment of another woman who apparently wanted to break off her relationship with him. This defendant is, according to the information I had in the presentence report, he's obsessive, he's compulsive and won't let go. And I think he poses a serious risk of some future criminal activity.
 At the time that he was sentenced, I think this was his first felony offense — the court tried to follow the guidelines for first offenders, which he was. He didn't get the maximum sentence; he didn't get the minimum sentence either. But I think the court was fair in its sentencing. He got a couple of charges dismissed as part of the negotiated plea, and this court sees absolutely no reason to modify the sentence at this time."
 On December 1, 1998, the trial court entered judgment denying the motion to withdraw the motion for judicial release, and denying the motion for judicial release. From this judgment, appellant timely filed notice of appeal, assigning the following error:
 "The trial court committed reversible error by denying the appellant's motion to withdraw the motion for judicial release and proceeding with a judicial release hearing because an institutional report had not been filed with the court prior to the proceeding as required by R.C. 2929.20(E).
 This appears to be a case of first impression in Ohio. Appellant argues that the language within R.C. 2929.20(E), which states that the correctional institution shall send the court a report regarding the inmate's conduct while in the institution, and that the court shall make this report part of the record, renders those requirements mandatory. Therefore, he argues the court committed reversible error by proceeding without the report. Appellant claims he was prejudiced because this report is the only piece of evidence he could produce concerning his behavior while incarcerated that might support his motion for release. He further argues the prejudice is enhanced because, under R.C. 2929.20(C), if the court denies the motion after the offender has been granted a hearing, the offender is foreclosed from filing another motion for judicial release and must serve the balance of his sentence.
Under R.C. 2929.20(C) a court may summarily deny a motion for judicial release without a hearing. State v. Dower (Jan. 12, 2000), Lorain App. No. 99CA007357, unreported at 2, 2000 WL 46113. Thus, whether to grant the motion in the first place is entirely within the trial court's sound discretion. On the other hand, a court must conduct a hearing prior to granting a motion for judicial release. Id. Once a court chooses to grant a hearing, it must abide by the statutory requirements for the conduct of the hearing. The relevant code sections are R.C. 2929.20(D)[1]
and R.C. 2929.20(E), which state in pertinent part:
 "(D) If a court schedules a hearing on the motion filed by an eligible offender under this section or on its own motion, the court shall notify the eligible offender of the hearing. The eligible offender promptly shall serve a copy of the notice of the hearing on the head of the state correctional institution in which the eligible offender is confined. * * *"
 "(E) Prior to the date of the hearing on a motion for judicial release under this section, the head of the state correctional institution in which the eligible offender in question is confined shall send to the court a report on the eligible offender's conduct in the institution and in any institution from which the eligible offender may have been transferred. The report shall cover the eligible offender's participation in school, vocational training, work, treatment, and other rehabilitative activities and any disciplinary action taken against the eligible offender. The report shall be made part of the record of the hearing."
 Appellant filed his motion for judicial release on October 21, 1998. Appellant was informed the motion for judicial release was set for a hearing on November 24, 1998, by a notification letter dated November 9, 1998. Appellant does not claim he was not notified, and the record indicates he was aware of the hearing date, although appellant's counsel missed the first hearing date and it was ultimately conducted on November 30, 1998.
Upon his receipt of the notification of the hearing date, appellant was required to serve a copy of the notice of the hearing on the head of appellant's correctional institution. The burden of notification to the correctional institution is clearly upon the eligible offender. It is noteworthy that, under the amended version of R.C. 2929.20(D), the offender is now only required to give the institution a copy of the notice. Previously, and at all relevant times for purposes of this appeal, the offender was required to serve a copy of the notice.
Crim.R. 49 governs the service and filing of papers. Crim.R. 49(C) states that "[a]ll papers required to be served upon a party shall be filed simultaneously with or immediately after service. Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." "Filed" means the paper has been delivered to the clerk of court for purposes of filing and must be indorsed (time stamped) by the clerk. State v. Gipson (1998), 80 Ohio St.3d 626, 632. The record is devoid of any indication of the appropriate filing, which had it been done, would appear in the docket between the filing of the motion for judicial release and the judgment entry denying the motion.
Appellant has not alleged that he met his obligation to notify the institution. He has not claimed that he did so, and simply neglected to file the paper with the court. The court inquired about the issue, asking appellant's counsel, "[i]sn't that your obligation to get that?" Counsel responded, "[j]udge, my understanding is that it's an obligation directed to the institution." An appropriate response would have indicated that the institution was notified per R.C. 2929.20(D), and that a copy of the notification, which includes proof of service, was filed with the court. No such representation was made.
In the absence of the required notification by the eligible offender, the institution cannot be bound to produce the document. Nor could the court enter a report in the record it does not possess. While R.C.2929.20(E) imposes a mandatory requirement on the head of the correctional institution to produce a report (and that the court make the report a part of the record) this requirement must be construed as contingent upon the eligible offender meeting the obligation to serve notice of the hearing upon the head of the institution, as set forth in R.C. 2929.20(D).
An eligible offender cannot fail to notify the institution and then later complain that the institution failed to produce the report. While an eligible offender is still entitled to produce any other evidence at his hearing allowed under R.C. 2929.20, failure to promptly notify the head of the state correctional institution in which the eligible offender is confined of the hearing waives the requirement that the court enter the report in the record of the hearing. Therefore, it was not error for the court to proceed without the report. Appellant's assignment of error is without merit.
The judgment of the trial court is affirmed.
 _______________________ JUDGE JOSEPH E. MAHONEY,
CHRISTLEY, P.J., NADER, J., concur.
JUDGE JOSEPH E. MAHONEY, Ret., Eleventh Appellate District, sitting by assignment.
[1] This division was amended effective March 23, 2000 to the following (changes italicized): "(D) If a court schedules a hearing under division(C) of this section, the court shall notify the eligible offender of the hearing. The eligible offender promptly shall give a copy of the notice of the hearing to the head of the state correctional institution in which the eligible offender is confined. * * *"