JOURNAL ENTRY AND OPINION
Appellant, John Antoncic, is appealing his conviction for domestic violence. Accordingly, we affirm.
Appellant was indicted for abduction (count 1), kidnaping (count 2 and 3 and 4), and domestic violence (count 5). The indictment for the domestic violence count stated that appellant had been convicted of domestic violence on two previous occasions.
The case was set for trial on January 18, 2000. Before trial, appellant acknowledged on the record that he had signed a waiver of a jury trial on count 5 only. The trial judge signed the waiver. The judge directed the bailiff to have the waiver time stamped by the clerk's office and returned to the file. The court then proceeded with voir dire. The next day, January 19, the court heard opening statements.
The record contains a written waiver of a jury trial on count 5 only. The waiver is signed by appellant and is time stamped January 18, 2000.
A journal entry dated January 18, 2000 (time-stamped January 25, 2000) states that appellant waived the jury trial as to Count 5. A journal entry time-stamped February 4, 2000 stated that the waiver was received for filing on January 18, 2000.
On January 21, 2000 the jury returned a verdict of not guilty on Counts 1, 2, 3 and 4. On February 1, 2000, the trial judge found appellant guilty on Count 5.
Appellant's sole assignment of error states:
 THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY BECAUSE THERE WAS NOT STRICT COMPLIANCE WITH THE MANDATE OF R.C. 2945.05 THAT A SIGNED JURY WAIVER MUST BE FILED AND PLACED WITHIN THE TRIAL COURT'S RECORD BEFORE THE COURT CAN ACT AS TRIER OF FACT.
R.C. 2945.05 states:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I __________, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
(Emphasis added).
Appellant contends that the statute requires the waiver to be filed and made part of the record before the start of the trial. R.C. 2945.05 only requires that the waiver occur before trial, and that the waiver is filed, time-stamped and contained in the record. See State v. Pless (1996), 74 Ohio St.3d 333; State v. Gipson (1998), 80 Ohio St.3d 626. There is no requirement that the waiver be filed and placed in the record before trial. See State v. Jones (Feb. 5, 1999), Hamilton App. No. C-980270, unreported.
Even if the statute required the filing and placing in the record to occur before trial, the record indicates the waiver was filed before the bench trial. The waiver was time-stamped on January 18, 2000, before the start of the bench trial on January 19. The journal entry indicates that the waiver was received for filing on January 18, and thus was part of the record as of that date.
The jury waiver met the requirements of R.C. 2945.05. The trial court had jurisdiction to conduct a bench trial on count 5, the domestic violence count.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ ANN DYKE, ADMINISTRATIVE JUDGE
PATRICIA A. BLACKMON, J., AND JOSEPH J. NAHRA, J.*, CONCUR.
* Sitting by Assignment: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.