I respectfully dissent. In reviewing the record certified to us at the time this case was originally submitted, we discovered that it did not contain a signed waiver of Goldberg's right to a trial by jury. Based upon the absence of a signed jury waiver, on September 13, 2000, we reversed the trial court's judgment and remanded the case for further proceedings. See State v. Goldberg (Sept. 13, 2000), Hamilton App. No. C-990677, unreported.
On September 15, 2000, the state filed a motion for reconsideration of our decision. At that time, the record before this court did not contain a signed waiver of Goldberg's right to a trial by jury. The motion for reconsideration was granted, over my dissent, on October 4, 2000. The case was then restored to this court's calendar on November 6, 2000. As of November 6, 2000, the record before us still did not contain a signed waiver of Goldberg's right to a jury trial. On November 9, 2000, a supplemental record was submitted to this court. The supplemental record contained an entry by the trial court "correcting the record" and ordering that the case file be supplemented "nunc pro tunc to August 2, 1999" with Goldberg's jury waiver. Apparently, the jury waiver had been captioned with an incorrect case number and filed in another case. A copy of the purported jury waiver was attached to the state's motion to correct the record.
The transcript of the docket and journal transmitted in the supplemental record contains the following added entry, dated August 2, 1999:
 Entry on waiver of trial by jury. Docketed in error under the wrong case number originally docketed under B-9809212 on 9/15/00 ordered to corrected record and docket this entry on the correct case under the correct date C.V.
 The record does not contain a separate copy of Goldberg's waiver of his right to trial by jury with its own docket number. The only place where a copy of the purported jury waiver appears in the record is in an attachment to the state's motion to correct the record.
I do not believe that the record before this court reflects that a jury waiver has been properly filed and docketed in this case. Therefore, I dissent for the reasons set forth in our original decision in State v.Goldberg, supra, wherein we stated,
 Absent strict compliance with R.C. 2945.05, which requires that a written waiver, signed by the defendant, be filed and made a part of the record, a trial court lacks jurisdiction to try a defendant without a jury. See State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus; State v. Morris (Oct. 23, 1998), Hamilton App. No. C-971119, unreported; State v. Mitchell (Jan. 30, 1998), Hamilton App. No. C-910485, unreported, appeal not allowed (1998), 82 Ohio St.3d 1411, 694 N.E.2d 74. "The requirement in R.C. 2945.05 that a jury waiver form must be `filed in said cause and made a part of the record thereof' means that the form must be time-stamped and included in the record." State v. Gipson
(1998), 80 Ohio St.3d 626, 687 N.E.2d 750. The omission of a jury waiver is plain error pursuant to Crim.R. 52(B). See State v. Morris, supra; State v. Planz (Oct. 22, 1999), Hamilton App. No. C-990146, unreported; State v. Berry (Dec. 31, 1998), Hamilton App. No. C-970701, unreported.
I would reverse the judgment of the trial court and remand the case for further proceedings.