OPINION
Defendant-appellant Terry L. King ("King") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to four years in prison for possession of drugs and imposing a $5,000.00 fine.
On November 3, 2000, two members of the Adult Parole Authority ("APA") went to apprehend King after his urine test showed marijuana use, in violation of his community control sanctions. Upon arriving at his residence, the APA members saw King with a marijuana cigarette. They then asked and received permission from King to search the premises and found approximately two and three-fourths pounds of marijuana. King was subsequently charged with one count of possession of drugs, a third degree felony violating R.C. 2925.11(A)(1)(3)(d), and a count of preparation of drugs for sale, a fifth degree felony violating R.C2925.07(A)(C)(3)(a). At the initial appearance, the trial court found King to be indigent and appointed counsel. An affidavit of indigency was later filed with the court.
Pursuant to a plea agreement, King pled guilty to possession of drugs and the State dismissed the second count of the indictment. The trial court found King guilty and sentenced him to four years in prison. The trial court also imposed a mandatory fine of $5,000 pursuant to R.C.2929.18(A)(3). It is from this judgment that King appeals.
King raises the following assignments of error.
 The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in R.C. 2929.14 resulting in King receiving a sentence contrary to law.
 The trial court committed prejudicial error when, in imposing a mandatory fine of five thousand dollars, it failed to comply with provisions set forth in R.C. 2929.18(B)(1) and (6).
 In the first assignment of error, King claims the trial court's sentence did not comply with the sentencing guidelines.
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by [R.C. 2929.13(G)(1)] from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
 * * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
 R.C. 2929.14(A). The trial court is required to impose a prison term for a violation of R.C. 2925.11. R.C. 2929.13(F)(5). Here, the trial court sentenced King to four years, which is with the permissible range of prison sentences for a third degree felony. The sentence was based on the fact that King admitted to receiving approximately three-fourths of a pound of marijuana in exchange for holding two bricks of marijuana for a known drug dealer. Given this admission, the trial court concluded that King had participated in an organized criminal activity and received compensation for his participation. The trial court also concluded that King is likely to repeat his criminal behavior based upon his past criminal history and the fact that he had only been on community control for a short time before he was caught committing a new felony. Based upon the record in this case, the trial court's findings are well supported. The first assignment of error is overruled.
King argues in his second assignment of error that the trial court erred by imposing a fine even though King is indigent.
 Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 * * *
 (c) For a felony of the third degree, not more than ten thousand dollars;
 * * *
 (B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925 * * *, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.
 R.C. 2929.18. A defendant opposing a mandatory fine has the burden to demonstrate that he is indigent and unable to pay the fine. State v. Gipson (1998), 80 Ohio St.3d 626, 687 N.E.2d 750. The fact that a defendant is indigent at the time of sentencing does not preclude the imposition of a mandatory fine. Id. The trial court may consider the defendant's future ability to pay. Id.
In this case, King filed an affidavit of indigency on December 11, 2000. The trial court then found King to be indigent and appointed counsel for him on December 12, 2000.[1] At the sentencing hearing, no evidence was presented that King's financial situation had changed. Although the State claims that King was capable of holding a job while on community control, King was only on community control for approximately two months before he was taken into custody for the violation. At the time he entered a guilty plea, he was still incarcerated for that violation. However, he will be released in four years. King testified that he was 51 years old and had been working at the time he violated his community control sanctions. King presented no evidence, beyond his initial affidavit of indigency, that he would not be able to pay the fine in the future. His affidavit filed for the purpose of obtaining counsel merely states that he is "unable to retain private counsel without substantial hardship." No evidence was presented by King to establish that he was indigent for the purpose of paying the fine. Thus, the second assignment of error is overruled.
The judgment of the Court of Common Pleas of Auglaize County is affirmed.
 _________________ Bryant, J.
SHAW and HADLEY, JJ., concur.
[1] We also note that a second affidavit of indigency was filed for the purpose of having counsel appointed for an appeal. Counsel was appointed for the purposes of this appeal.