OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas wherein, appellant, Willie E. Grissom, was charged with two counts of trafficking in cocaine. Grissom pleaded "not guilty" to both charges. He subsequently pled "guilty" to one charge and, upon application by the assistant prosecutor, the trial court entered a nolle prosequi with respect to the remaining count in the indictment.
{¶ 2} The matter came for sentencing on May 17, 2001. The trial court sentenced Grissom to four years imprisonment, to be served concurrently with a prison sentence he was presently serving out of Cuyahoga County, followed by three years of post release control. The trial court also imposed a mandatory fine of $5,000, to be paid upon his release, as well as a six-month suspension of his driver's license.
{¶ 3} From this judgment Grissom appeals, citing a single assignment of error.
{¶ 4} Grissom's assignment of error is as follows:
 {¶ 5} "The trial court erred and abused its discretion in sentencing defendant for one count of a third degree felony."
{¶ 6} Grissom contends that the trial court erred in its sentencing and divides his argument into a number of distinct issues. Grissom first asserts that the offense to which he pled guilty was not subject to a presumption in favor of imprisonment and that this was acknowledged by the trial court during the sentencing hearing. Although the transcript reads that the trial court stated that there was no presumption in favor of prison, the judgment entry clearly states that the offense was subject to a presumption in favor of imprisonment.
{¶ 7} Grissom pled guilty to trafficking in powder cocaine in violation of R.C. 2925.03(C)(4)(d) in an amount in excess of ten grams but less than one hundred grams, to-wit: 13.63 grams. At the time of the offense, this offense carried a presumption in favor of imprisonment. R.C. 2925.03(C)(4)(d) has since been amended to impose a mandatory prison term upon offenders.[1]
{¶ 8} The indictment and the written guilty plea which Grissom signed both indicated that the penalty for this offense included a presumption in favor of prison and a mandatory fine. Moreover, as stated heretofore, the sentencing entry issued by the trial court correctly noted that "this offense is subject to a presumption in favor of prison under division (D) of Section 2929.13 of the Ohio Revised Code."
{¶ 9} Grissom next argues that the trial court erred in imposing a near maximum sentence without considering the factors included in R.C.2929.14(B) that would require a shorter term of imprisonment.
{¶ 10} R.C. 2929.14(B) reads, in pertinent part:
 {¶ 11} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
{¶ 12} As clearly expressed in the statute, a court may only consider the factors enunciated in R.C. 2929.14(B) when the offender has not previously served a prison term.
{¶ 13} In the case sub judice, this was Grissom's third adult felony conviction. Grissom had served a two-month prison term in 1992 out of Cuyahoga County for trafficking in cocaine before shock probation was granted. Therefore, R.C. 2929.14(B), and the factors included therein, were not applicable in Grissom's sentencing.
{¶ 14} Grissom also contends that the trial court erred in issuing "nearly" the maximum sentence without making a finding on the record that the factors included in R.C. 2929.14(C) applied.
{¶ 15} R.C. 2929.14(C) reads:
 {¶ 16} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added.)
{¶ 17} The longest term of imprisonment authorized for a felony of the third degree is five years.[2] Grissom was sentenced to four years imprisonment, one year less than the maximum sentence. This court has previously rejected the argument that R.C. 2929.14(C) should apply when a court has imposed a "near maximum" sentence.[3] Thus, as Grissom was sentenced to four years and not the maximum five years imprisonment for a third degree felony, R.C. 2929.14(C) does not apply.
{¶ 18} Moreover, this sentence is to be served concurrently with the sentence Grissom is already serving out of Cuyahoga County and, as such, Grissom is not serving four additional years for the second cocaine trafficking charge but only two concurrent sentences. This further demonstrates that the trial court did not impose the maximum sentence and, therefore, did not abuse its discretion by imposing the sentence without regard for R.C. 2929.14(C).
{¶ 19} Grissom also asserts in his brief that the trial court did not adequately comply with R.C. 2929.12 when imposing the sentence.
{¶ 20} R.C. 2929.12 requires the trial court to consider the seriousness of the offense, the likelihood of recidivism and any other factors relevant to the principles of sentencing when exercising its discretion in imposing a proper sentence.[4]
{¶ 21} The trial court is not required to specifically recite every factor included in R.C. 2929.12 before imposing sentence.[5] A review of the transcript in the instant case reveals the following statement by the court:
 {¶ 22} "The court has considered the purposes and principles of sentencing set forth in Senate Bills 2 and 269, 2929.11 and other related sections; in addition the Court has weighed the factors set forth in the applicable provisions of Ohio Revised Code 2929.12, 2929.13 and 14; presentence report; recommendations of the Lake County Probation Department * * *."
{¶ 23} These statements by the trial court adequately demonstrate that the court complied with all relevant felony sentencing statutes, including R.C. 2929.12, when imposing sentence.
{¶ 24} Lastly, Grissom asserts that the trial court abused its discretion in imposing a $5,000 fine when the court found him indigent.
{¶ 25} R.C. 2925.03(D) governs the imposition of a mandatory fine for a third degree felony trafficking violation:
 {¶ 26} "(D) In addition to any prison term authorized or required by division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code, and in addition to any other sanction imposed for the offense under this section or sections 2929.11 to 2929.18
of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty in violation of division (A) of this section shall do all of the following that are applicable regarding the offender:
 {¶ 27} "(1) If the violation of division (A) of this section is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent."
{¶ 28} R.C. 2929.18(B)(1) reads:
 {¶ 29} "(B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3710., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing
that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
{¶ 30} Therefore, the decision to impose a fine is not a discretionary one but, rather, a mandatory requirement for the trial court where the defendant has not filed an affidavit of indigency with the court prior to sentencing. In order to avoid the mandatory fine, the offender must (1) allege in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court must determine that the offender is, in fact, indigent.[6] The maximum statutory fine for a felony of the third degree is $10,000.[7] Therefore, the court must impose a mandatory fine of at least half of the maximum fine, or $5,000, which was the fine imposed here.
{¶ 31} In the case sub judice, a review of the record reveals that Grissom never filed an affidavit of indigency with the court prior to sentencing; therefore, never invoked the statutory procedure established for waiving the mandatory fine.
{¶ 32} The Supreme Court of Ohio noted in Gipson that the language in R.C. 2929.18(B)(1) is "clear and unambiguous in requiring that an affidavit of indigency must be `filed' with the court prior to sentencing."[8] Moreover, "the fact that the affidavit was not properly filed prior to sentencing is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine."[9]
{¶ 33} Grissom argues that the trial court found him to be indigent. A review of the transcript reveals that the court noted at the sentencing hearing, "[t]he Court finds the Defendant to be indigent and will appoint Attorney Barry Sweet to represent him on appeal." However, the judgment entry of sentence issued by the court makes no finding of indigency, and Grissom never raised the issue of his indigency during the sentencing hearing.
{¶ 34} Grissom argues that the trial court found him indigent and, therefore, abused its discretion in imposing the mandatory fine. However, there is an important distinction to be made between indigency as it relates to a defendant's constitutional right to counsel and proof of indigency required to avoid a mandatory statutory fine.
{¶ 35} App.R. 4(A) requires an appealing party to file a notice of appeal within thirty days of the judgment entry. Therefore, the defendant has only a short time in which to secure representation and file a timely appeal. In this instance, the transcript reveals that Grissom was unable to obtain the funds necessary to obtain counsel on his own before filing an appeal as he was incarcerated for the Cuyahoga County conviction. Thus, the trial court properly noted his indigency at the present time
and appointed counsel. This does not relieve Grissom of the statutory burden of presenting an affidavit of indigency and proving to the court that he was, in fact, indigent to avoid the mandatory statutory fine. The fine imposed is to be paid upon Grissom's release. As the Supreme Court of Ohio noted in Gipson, a trial court has wide latitude to determine whether an offender is, in fact, indigent, including how likely the possibility of the offender obtaining employment in future.[10]
Therefore, the trial court may have found Grissom indigent at the present and, therefore, unable to obtain counsel in order to file a timely appeal and yet found him not indigent regarding his ability to pay a mandatory fine in the future.
{¶ 36} Therefore, in the absence of any filing of an affidavit of indigency by Grissom, coupled with Grissom's failure to prove his indigency at the sentencing hearing, we find that the trial court did not abuse its discretion in imposing the mandatory statutory fine.
{¶ 37} Grissom's assignment of error is without merit and the judgment of the trial court is affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.
[1] {¶ a} R.C. 2925.03(C)(4)(d) has been amended to read, in part:
 {¶ b} "Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds ten grams but is less than one hundred grams of cocaine that is not crack cocaine or equals or exceeds five grams but is less than ten grams of crack cocaine, trafficking in cocaine is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree."
[2] R.C. 2929.14(A)(3).
[3] State v. Dwyer (Aug. 10, 2001), 11th Dist. No. 2000-L-090, 2001 Ohio App. LEXIS 3537.
[4] State v. Fails, 11th Dist. No. 2000-P-0119, 2001-Ohio-8902.
[5] State v. Hawley (Aug. 10, 2001), 11th Dist. No. 2000-L-114, 2001 Ohio App. LEXIS 3532.
[6] State v. Gipson, 80 Ohio St.3d 626, 1998-Ohio-659.
[7] R.C. 2929.18(A)(3)(c).
[8] Gipson at 632.
[9] Gipson at 633.
[10] Gipson at 635.