JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant Willie Lee Jester ("appellant") appeals from the judgment of the trial court which refused to rule on his petition for postconviction relief after finding that the defendant had voluntarily dismissed the petition. For the reasons set forth below, we reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} Appellant was found guilty of murder and sentenced to death, after which, on September 30, 1988 he timely filed a petition for postconviction relief. Shortly thereafter, then Governor Celeste commuted his death sentence. Appellant admits that he then prepared, but never officially filed, a motion to dismiss his postconviction relief proceedings. Appellant alleged that upon learning that the commutation of his sentence was being challenged by then Governor Voinovich, he did not wish to dismiss the proceedings. Governor Voinovich reinstated the appellant's death penalty, after which his counsel reassured him that since the motion to dismiss was never filed, the petition for postconviction for relief was still pending. On July 17, 2002, appellant filed a pro se writ of mandamus seeking to compel a ruling on the pending petition for postconviction relief. The trial court refused to enter findings of fact and conclusions of law, finding that appellant had voluntarily dismissed the petition for postconviction relief. It is from this ruling that appellant now appeals, asserting one assignment of error for our review.
 {¶ 3} In his sole assignment of error, appellant essentially contends that the trial court improperly found that he had voluntarily dismissed his motion for postconviction relief. He further avers that the trial court was required to rule on his motion for postconviction relief and make findings of fact and conclusions of law. We agree.
 {¶ 4} The trial court stated in its journal entry:
 {¶ 5} "* * * defendant, through counsel, gave notice to this Court and the Prosecuting Attorney that he was voluntarily dismissing the petition to vacate or set aside judgment. As the postconviction action has been voluntarily dismissed, there is nothing upon which this Court must pass judgment. Defendant's request for findings of fact and conclusions of law is denied as moot."
 {¶ 6} The state asserts that because the motion to dismiss the petition for postconviction relief was intended to be filed, and in fact served upon its office, it was proper for the trial court to find that it was voluntarily dismissed. In support of this contention, the state primarily relies on State v. Johnson (Aug. 10, 1983), Lorain App. No. 3411, in which the appellate court held that the prosecutor's failure to file the correct documents with the court did not affect the defendant's plea agreement. However, the state's reliance on Johnson is misplaced. In that case, there was no dispute that the prosecutor and the defendant reached a mutually acceptable agreement which was memorialized in open court. In essence, the court applied underlying contract principles and noted that it would be unconscionable for the state, in such a situation, not to be bound by the agreement where the defendant had fully performed his part of the contract. There was no such agreement in the case at hand.
 {¶ 7} We note that "filed" means the paper has been delivered to the clerk of court for purposes of filing and must be indorsed, i.e. time-stamped, by the clerk. State v. Gipson (1998), 80 Ohio St.3d 626,632. A thorough review of the record by this court reveals that the defendant's motion to dismiss was never properly before the trial court, as it was never actually filed and is therefore not a part of the record. In light of the record's deficiency, we find that the trial court erred in finding that the matter was voluntarily dismissed. As such, the trial court should have ruled on appellant's pending petition for postconviction relief, issuing findings of fact and conclusions of law. Appellant's sole assignment of error is well-taken.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and COLLEEN CONWAY COONEY, J., concur.