JOURNAL ENTRY AND OPINION.
{¶ 1} In his second appeal to this court, defendant-appellant Michael Barr ("appellant") appeals from the judgment of the trial court which denied his motion to remove a sexual predator label. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On September 19, 1998, appellant was indicted on nineteen counts of disseminating matter harmful to juveniles in violation of R.C.2907.31. In November, appellant entered into a plea agreement with Plaintiff-appellee State of Ohio ("State"), in which he pled guilty to five counts in the indictment involving his Boy Scout Troop. The trial court sentenced appellant to serve a total of five years of community control sanctions, and ordered the following upon the appellant: to be supervised by the sexual offenders' unit, to engage in psychological counseling, to resign from the Boy scouts, to have no contact with any children or with the victims in this case, to complete a sex offender program and two hundred hours of community service. As a part of this sentencing agreement, appellant "agreed to be designated as a sexual predator although his crime did not fall into the classification arena of Ohio's sexual predator law." State v. Barr, supra.
 {¶ 3} Appellant thereafter violated the conditions of his community control sanctions in various ways. Following his community control sanction violation, the trial court sentenced appellant to 72 months incarceration for the offense, which exceeded the thirty-three month term he would have originally received had he been sentenced to incarceration. After establishing his right to file a delayed appeal, he appealed to this court contesting the increased sentence and won. Statev. Barr, Cuyahoga App. No. 80881, 2002-Ohio-4579. This court reversed appellant's sentence and remanded the matter to the trial court for resentencing. Id.
 {¶ 4} At the resentencing hearing, appellant was sentenced to thirty-three months incarceration, with credit for time served. Having already served forty-three months, he was ordered discharged, after which he asked the court to remove the sexual predator label to which he had stipulated as a part of his sentencing agreement. The trial court denied appellant's request, stating: "The Court is not going to modify or change the classification * * * I do not believe I have the authority nor discretion to change the classification." (T.11)
 {¶ 5} It is from this ruling that appellant now appeals, asserting one assignment of error for our review.
 {¶ 6} "I. The trial court erred when it denied Michael Barr's motion to remove sexual predatory label. (Journal Entry filed September 19, 2002, Transcript of Resentencing Hearing held September 19, 2002, at 11)."
 {¶ 7} Within this assignment of error, appellant alleges that the trial court erred in initially accepting his stipulation as a sexual predator and that the trial court erred in denying his motion to remove the sexual predator label. We address each contention separately within this assignment of error.
 {¶ 8} Propriety of the Trial Court's Decision to Accept the Sexual Predator Designation Stipulation
 {¶ 9} In State v. Barr, supra, this court remanded the case for the limited purpose of resentencing. Therefore, the trial court was limited to reviewing the issue of the proper sentence for appellant. In accordance with the law of the case doctrine, trial courts have no discretion to disregard the mandate of a reviewing court and have no authority to extend or vary the mandate given. Nolan v. Nolan (1984),11 Ohio St.3d 1. Because the trial court in the instant case was not authorized by this court to hear extraneous issues upon remand, it did not err by determining that it lacked authority to rule on the issue. Whether the trial court erred in accepting appellant's stipulation as a sexual predator was not raised in Barr's first appeal and is therefore waived for purposes of this appeal.
 {¶ 10} Removal of Sexual Predator Designation
 {¶ 11} In his second contention, appellant seeks to have the sexual predator label removed. R.C. 2950.09(D) sets forth the procedure regarding a sexual predator's attempt to seek removal of sexual predator status. It requires the sexual predator to file a petition with the trial court. R.C. 2950.09(D)(1).
 {¶ 12} In this case, appellant did not file a petition with the trial court to have the sexual predator designation removed. A petition is defined as "a formal written request presented to a court." Black's Law Dictionary (7th Ed. 1999). Further, "filed" means the paper has been delivered to the clerk of court for purpose of filing and must be indorsed, i.e. time-stamped, by the clerk. State v. Gipson (1998),80 Ohio St.3d 626. We find that appellant failed to properly petition the trial court. We therefore find that the trial court did not err in denying his request to have the sexual predator designation removed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and DIANE KARPINSKI, J., concur.