OPINION
Defendant-appellant, Robert J. Oliver, Jr., appeals his conviction on two counts of possession of cocaine.
On October 7, 1998, appellant was indicted in case number 98-CR-005446 on two counts of selling or offering to sell marijuana in violation of R.C. 2925.03(A). On November 4, 1998, appellant moved to suppress statements he made to sheriff's deputies during an interview at the sheriff's office.
While these charges were pending, appellant was indicted in neighboring Hamilton County for possession of cocaine. Based upon evidence obtained during the Hamilton County investigation, authorities secured a warrant to search a storage facility appellant rented in Clermont County where they discovered additional cocaine.
As a result of that search, appellant was indicted in case number 99-CR-005068 on February 17, 1999 on two counts of possession of cocaine contrary to R.C. 2925.11(A). Shortly after the second Clermont County indictment, appellant was convicted of and sentenced on the Hamilton County charge.
On September 15, 1999, the trial court conducted a hearing on appellant's motion to suppress in case number 98-CR-005446. At the conclusion of the hearing, the court took the matter under advisement.
Appellant subsequently agreed to plead guilty to the two charges of possession of cocaine in case number 99-CR-005068. In exchange, the state agreed to dismiss the marijuana charges in case number 98-CR-005446. Appellant's plea was accepted, and he was found guilty on both counts of possession of cocaine. The court sentenced appellant to six years in prison on each count and ordered the sentences to be served concurrently to each other and concurrent to a six-year term appellant received in Hamilton County. In addition, the court fined appellant $7,500 on each count.
In his first assignment or error, appellant claims he was denied the effective assistance of counsel. Appellant argues that counsel was ineffective in allowing appellant to plead guilty before the trial court had ruled on the motion to suppress in case number 98-CR-005446.
Trial counsel's performance will not be regarded as ineffective unless the accused can show that counsel's representation falls below an objective standard of reasonable representation and, in addition, that prejudice arises from the ineffective representation. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Mills (1992),62 Ohio St.3d 357, certiorari denied, (1992), 505 U.S. 1227,112 S.Ct. 3048. In order to demonstrate prejudice, the accused must show that there is a reasonable probability that, but for counsel's ineffective representation, the outcome of the proceeding would have been different.Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. See, also, State v.Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. A reasonable probability is a probability sufficient to undermine confidence in the case's outcome. Strickland,466 U.S. at 694, 104 S.Ct. at 2068; Bradley, paragraph three of the syllabus.
Here, appellant's claim of ineffective assistance of counsel must fail because he cannot demonstrate prejudice. A complete dismissal of the marijuana charges in case number 98-CR-005446 — a result which naturally occurred as a consequence of the plea bargain — was the most appellant could have hoped to obtain by pursuing the motion to suppress. Moreover, it would be speculative to assume that had the trial court suppressed appellant's statements, the state could not have otherwise obtained a conviction on the marijuana charges. Absent a reasonable probability that the outcome of the proceeding would clearly have been different, there has been no showing that appellant was prejudiced or denied the effective assistance of counsel. For these reasons, appellant's first assignment of error is overruled.
Appellant's second assignment of error submits that the trial court erred by imposing a $15,000 mandatory fine. Appellant pled guilty to two second-degree felony violations of R.C. 2925.11(A). Second degree felonies carry a maximum mandatory fine of $15,000. R.C. 2929.18(A)(3)(b). For such offenses, a sentencing court must impose a minimum mandatory fine of $7,500. See R.C. 2929.18(B)(1). The trial court imposed the minimum mandatory fine on both counts. R.C. 2929.18(B)(1) further provides that: "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
As used in R.C. 2929.18(B)(1), the phrase "prior to sentencing" requires that an affidavit of indigency must be formally filed with the court prior to the filing of a journal entry reflecting the trial court's sentencing decision. State v. Gipson (1998), 80 Ohio St.3d 626. In the case at bar, the last filing reflecting appellant's financial condition was filed on June 23, 1999 in which the court observed that appellant "is not indigent and states that he is able to afford the cost of counsel and "has failed to hire an attorney to represent him although he has had the time and resources to do so." Appellant did not file any affidavit of indigency until after he had been sentenced and had appealed the trial court's decision.
Under such circumstances, we conclude that the trial court did not err by imposing the mandatory minimum fine on each count to which appellant pled guilty. The second assignment of error is hereby overruled.
The third and final assignment of error presents several additional issues which appellate counsel believes are non-meritorious but nevertheless presents them at appellant's request and asks this court to review the same under Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396. Generally, errors not separately argued or supported by the briefs may be disregarded. App.R. 12(A). Even though the additional issues raised in this assignment were not separately argued, we have nevertheless considered them, and we find them to be without merit. SeeState v. Begley (1992), Butler App. No. CA92-05-076, unreported. The third assignment of error is overruled.
YOUNG, P.J., and VALEN, J., concur.
 ____________ WALSH, J.