JOURNAL ENTRY AND OPINION
{¶ 1} Lavelle Gibson is attempting to reopen the appellate judgment in State v. Gibson, Cuyahoga App. No. 82087, 2003-Ohio-5839, which affirmed his conviction for drug possession, drug trafficking, and possession of criminal tools. We decline to reopen his appeal.
 {¶ 2} Res judicata may be applied to bar the further litigation of issues that were either raised or could have been raised through a prior appeal. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Gibson's claim of ineffective assistance of appellate counsel may be barred from review by that doctrine unless circumstances render its application unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204. Gibson had a prior opportunity to argue the claim of ineffective assistance of appellate counsel through an appeal to the Ohio Supreme Court, but did not do so and has further failed to provide this court with any reason why such an appeal was not taken. State v. Borrero (Apr. 18, 1996), Cuyahoga App. No. 69289, reopening disallowed (Jan. 22, 1997), Motion No. 72559. In addition, Gibson has failed to demonstrate why the circumstances of this case render the application of the doctrine of res judicata unjust. Thus, we find that the doctrine of res judicata prevents the reopening of Gibson's original appeal.
 {¶ 3} Further review of this application for reopening discloses a procedural defect which prevents reopening. As mandated by App.R. 26(B)(2), an application for reopening shall contain all of the following: (1) the appellate case number in which reopening is sought and the trial court case number from which the appeal is taken; (2) a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment; (3) one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits; and (4) a sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to App.R. 26(B)(2)(c). However, Gibson has failed to include in his application for reopening any assignment of error or argument as required by App.R. 26(B)(2)(c). This failure to comply with App.R. 26(B)(2)(c) is a sufficient basis for denying his application for reopening. See, e.g. State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 306308.
 {¶ 4} Finally, a substantive review of Gibson's potential assignments of error, based upon an extrapolation of claimed deficient appellate performance contained in the sworn affidavit, fails to demonstrate the existence of ineffective assistance of appellate counsel. It is well established that counsel on appeal is not required to raise and argue assignments of error which are meritless, and counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal.Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct 3308,77 L.Ed.2d 987.
 {¶ 5} Gibson must establish that prejudice resulted from the claimed deficient performance of appellate counsel and must further affirmatively establish that, but for the deficient performance, the result of his appeal would have been different. He is required to establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."
 {¶ 6} As the Ohio Supreme Court declared:
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defenserequest for reopening under App.R. 26(B)(5). Applicant must provethat his counsel were deficient for failing to raise the issue henow presents, as well as showing that had he presented thoseclaims on appeal, there was a `reasonable probability' that hewould have been successful. Thus, applicant bears the burden ofestablishing that there was a `genuine issue' as to whether hehas a ` colorable claim' of ineffective assistance of counsel onappeal." State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, at 25.
 {¶ 7} Gibson, through his supporting affidavit, argues that his appellate counsel was ineffective for failing to argue on appeal the following issues: (1) conviction for drug possession, drug trafficking, and possession of criminal tools against the manifest weight of the evidence and not supported by the weight of the evidence; (2) prosecutor's comment during closing argument which made reference to a third party, Walter Lanier, as being part of the criminal activity; (3) failure of trial counsel to file an affidavit of indigency for the purpose of preventing the imposition of mandatory fines; and (4) failure of trial counsel to request a jury instruction with regard to reasonable inferences and circumstantial evidence.
 {¶ 8} The issues of sufficiency of the evidence, manifest weight, and affidavit of indigency/mandatory fines are barred from further review by the doctrine of res judicata because they were raised in Gibson's direct appeal and found to be without merit. State v. Dehler (1995), 73 Ohio St.3d 307,652 N.E.2d 987. An examination of the remaining issues fails to establish that he was prejudiced by the claimed deficient performance and that the result of his appeal would have been different had this court considered the issues of jury instructions and comments by the prosecutor. The decision to request a jury instruction constitutes trial strategy which this court will not second-guess. Cf. State v. Griffie (1996), 74 Ohio St.3d 332,658 N.E.2d 764. In addition, the comments of the prosecutor about a third party were not prejudicial nor did the prosecutor's comment affect any of Gibson's substantial rights. State v.Lott (1991), 51 Ohio St.3d 160, 555 N.E.2d 293.
 {¶ 9} Accordingly, we decline to reopen Gibson's original appeal.
Application denied.
Kilbane, P.J. and Sweeney, J. Concur.