[Cite as *State v. Sullens*, 2022-Ohio-3050.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSEPH L. SULLENS, | : | Case No. CT2022-0006 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Muskingum County
                                       Court of Common Pleas, Case No.
                                       CR2021-0344



JUDGMENT:                              Affirmed



DATE OF JUDGMENT:                      September 1, 2022



APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RONALD WELCH                           JAMES S. SWEENEY
Muskingum County Prosecuting Atty.     James Sweeney Law, LLC
                                       285 South Liberty Street
TAYLOR P. BENNINGTON                   Columbus, Ohio 43215
Assistant Prosecuting Attorney
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1} Defendant-appellant Joseph Sullens appeals his sentence from the Muskingum Cunty Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On June 8, 2021, officers learned that Shelbie Mourer, who was at the hospital, had been shot in the foot. She subsequently informed officers that she was at 1628-A Owens Street for the purpose of allegedly purchasing drugs from appellant. While at that address, Mourer was accidentally shot in the foot by Shawn Sullens. After searching the residence, officers discovered drugs, including methamphetamines, as well as drug paraphernalia. They also located cleaning supplies, and bleach stains and spoke with a number of individuals who told them that appellant and others were cleaning up the blood and the evidence of the shooting.

{¶3} On June 24, 2021, the Muskingum County Grand Jury indicted appellant as follows:

{¶4} Count one:    Tampering with evidence, a felony of the third degree.

{¶5} Count two:    Trafficking in drugs (Cocaine), a felony of the fifth degree.

{¶6} Count three:  Possession of drugs (Cocaine), a felony of the fifth degree.

{¶7} Count four:   Trafficking in drugs (Methamphetamine), a felony of the third degree.

{¶8} Count five:   Possession of drugs (Methamphetamine), a felony of the third degree.

{¶9} Count six:    Trafficking in drugs (a fentanyl-related compound), a felony of the fourth degree.

{¶10} Count seven: Possession of drugs (a fentanyl-related compound), a felony of the fourth degree.

**{¶11}** Count eight:  Trafficking in drugs (Heroin), a felony of the fourth degree.

**{¶12}** Count nine:  Possession of drugs (Heroin), a felony of the fourth degree.

**{¶13}** Count ten:  Engaging in prostitution, a misdemeanor of the first degree.

**{¶14}** Appellant filed an affidavit of indigency on June 29, 2021. At his arraignment on June 30, 2021, appellant entered a plea of not guilty to the charges.

**{¶15}** Thereafter, on October 29, 2021, appellant withdrew his former not guilty plea and entered a plea of guilty to tampering with evidence, a felony of the third degree, and trafficking in drugs (methamphetamine), a felony of the third degree. The charge of trafficking in drugs (methamphetamine) included a mandatory fine in the amount of $5,000.00.

**{¶16}** On December 20, 2021, appellant filed a Motion to Waive Mandatory Fines.

**{¶17}** Pursuant to an Entry filed on December 22, 2021, appellant was sentenced to a prison term of thirty-six (36) months for tampering with evidence and to a prison term of thirty-six (36) months for trafficking in drugs (methamphetamine). The trial court ordered that the sentences be served consecutively, for an aggregate prison sentence of six (6) years. The trial court also imposed a mandatory fine of $5,000.00. The remaining counts were dismissed.

**{¶18}** Appellant now appeals, raising the following assignments of error on appeal:

**{¶19}** "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WAIVE THE MANDATORY FINE IN HIS CASE."

**{¶20}** "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHT TO COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I

**{¶21}** Appellant, in his first assignment of error, argues that the trial court abused its discretion when it denied appellant's Motion to Waive the Mandatory Fine in this case.

**{¶22}** We review a decision to impose a financial sanction for an abuse of discretion. State v. Gipson, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶23}** R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

**{¶24}** This Court addressed a trial court's duties when imposing a financial sanction in *State v. Perry*, 5th Dist. Stark No. 2004-CA-00066, 2005-Ohio-85:

**{¶25}** "[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court

may hold a hearing under R.C. 2929.18(E) "to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it" a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ("although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue". "All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay." *State v. Dunaway*, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; *Martin*, 140 Ohio App.3d at 33, 746 N.E.2d 642 (Emphasis added).

**{¶26}** *Perry* at ¶ 27.

**{¶27}** The statute places the burden "upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998). Additionally, a trial court need not affirmatively find that an offender is able to pay. *Id.* Instead, the fine is mandatory unless the offender establishes current indigence and an inability to pay. *Id.*

**{¶28}** In the case sub judice, the trial court denied appellant's motion, finding that "[d]rug dealers usually can pay their fines. I find that you can pay the $5,000 mandatory fine associated with this crime." Transcript of December 20, 2021 sentencing hearing at 14-15. There was discussion at the hearing that appellant had been working at Jiffy Lube for approximately a year and a half.

**{¶29}** We find that the trial court did not abuse its discretion in overruling Appellant's motion to waive the mandatory fine. The trial court considered appellant's ability to pay the fine  and did not abuse its discretion in ordering his to pay the fine.

**{¶30}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶31}** Appellant, in his second assignment of error, contends that he received ineffective assistance of trial counsel.

**{¶32}** The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).

**{¶33}** {¶48} The United States Supreme Court discussed the prejudice prong of the *Strickland* test:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*, at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S.Ct. 2052.

**{¶34}** The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley,* 42 Ohio St.3d at 143, 538 N.E.2d 373, *quoting Strickland,* 466 U.S. at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶35}** Appellant specifically argues that his trial counsel was ineffective when he essentially argued for appellant to be sentenced to prison.  Appellant points to the following statement made on the record by appellant's counsel: "Now, I'm not here to ask the Court today for community control. I think the record—Mr. Sullens' record in itself would show that community control is not an appropriate tool to be utilized by this Court regarding this case." Transcript of December 20, 2021 sentencing hearing at 6. Counsel then proceeded to argue that an appropriate sentence for appellant would be thirty-six months in prison, which was the maximum possible sentence for each charge individually.

**{¶36}** The trial court, in sentencing appellant to consecutive sentences, found that consecutive sentences were necessary to protect the public and punish the offender and were not disproportionate to the seriousness of the conduct and the danger posed to the public. The trial court found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. The trial court, at the sentencing hearing, stated on the record in relevant part, as follows:

**{¶37}** THE COURT:  So you were on post-release control until January of this year?

**{¶38}** THE DEFENDANT:  Yes, sir.

**{¶39}** THE COURT:  And that was for a domestic violence?

**{¶40}** THE DEFENDANT:  Yes, sir.

**{¶41}** THE COURT:  How long did you go to prison on that? Eighteen months?

**{¶42}** THE DEFENDANT:  Yes, sir.

**{¶43}** THE COURT:  And then in 2015, you had a domestic violence. You were in prison for twelve months.  Right?

**{¶44}** THE DEFENDANT:  Yes, sir.

**{¶45}** THE COURT:  And in 2012, an escape, in prison for eight months.

**{¶46}** THE DEFENDANT:  Yes, sir.

**{¶47}** THE COURT:  And let's see.  There's an active warrant out of Franklin County on a domestic violence?

**{¶48}** THE DEFENDANT:  Yes, sir.  We talked to the judge already.  We got that established where she said she didn't want to see me do no jail time, and once I get out to give her a call and it will be scheduled for a court date.

**{¶49}** THE COURT:  Criminal mischief in 2015. Receiving stolen - -  and you were unsuccessfully terminated - - receiving stolen property in 2014, domestic violence in 2013, possession of criminal tools in 2013, criminal mischief in 2013, resisting arrest in 2012.  It was indicted as an escape.

An assault in 2012, an aggravated menacing in 2010, a domestic violence in 2009, another domestic violence in 2009, a resisting arrest in 2009, a disorderly conduct in 1998 was amended from a domestic violence.

As a juvenile, you had possession of drugs, and you had a receiving stolen property that was dismissed.  You had another possession of drugs that was dismissed. Another possession of drugs in 1994. An assault that was dismissed.  Another possession of drugs in 1992.  Then an aggravated menacing in 1992.

Does all that sound about right?

**{¶50}** THE DEFENDANT: Yes, sir.

**{¶51}** THE COURT: So it's a pretty terrible record, isn't it?

**{¶52}** THE DEFENDANT: Yes, sir.

**{¶53}** THE COURT: And you were in Zanesville at the house where your brother - - at a minimum your brother is dealing drugs, and you're dealing drugs because you pled guilty to trafficking in drugs. And there's a gun, and somebody gets shot. Is that about it?

**{¶54}** THE DEFENDANT: Yes, sir.

**{¶55}** Transcript of December 20, 2021 sentencing hearing at 12-14.

**{¶56}** Based on the foregoing, we find that trial counsel was not ineffective. As noted by appellee, appellant's counsel was not ineffective in recognizing that due to appellant's extensive criminal history, community control would not have been a realistic possibility for him. Appellant's counsel then presented an argument regarding what an appropriate sentence would be based on all of the factors in this case, including the sentences that appellant's co-defendants received. We further find that appellant has failed to show that he was prejudiced. In exchange for his guilty plea to two counts in the indictment, the other eight counts were dismissed, including felonies of the third, fourth and fifth degrees. Appellant, therefore, received a significant benefit for the bargain.

**{¶57}** Appellant's second assignment of error is, therefore, overruled.

**{¶58}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.