OPINION
{¶ 1} Defendant-appellant Brian Edward Cain ("Cain") brings this appeal from the judgment of the Court of Common Pleas of Union County sentencing him to four years in prison.
 {¶ 2} On April 13, 2005, the Union County Grand Jury indicted Cain on four counts: 1) tampering with evidence, 2) illegal cultivation of marijuana, 3) trafficking in cocaine, and 4) possession of cocaine. Pursuant to a plea agreement, Cain entered a guilty plea to trafficking in cocaine on July 6, 2005. The remaining charges were then dismissed. The trial court ordered that a presentence investigation be completed. On August 30, 2005, a sentencing hearing was held. At the conclusion of the hearing, the trial court sentenced Cain to four years in prison, imposed a $5,000 mandatory fine, ordered Cain to pay court costs, ordered Cain to pay $1,575 in restitution, and suspended his driver's license for five years. Cain appeals from this judgment and raises the following assignments of error.
The non-minimum sentence imposed upon [Cain] violates hisright to trial by jury as protected by the Fifth, Sixth, andFourteenth Amendments to the Federal Constitution. The decisionsof this Court which have reached a contrary result areincompatible with the precedent of the United States SupremeCourt and must be overruled.
 The trial court made numerous errors and omissions at thesentencing hearing which cumulatively deprived [Cain] of hisright to due process of law, his right to counsel and his rightof allocution.
 The trial court erred in imposing costs of prosecution and amandatory fine against [Cain] when an affidavit of indigency wasfiled prior to sentencing and the evidence suggested [Cain] hadno current or future ability to pay.
 {¶ 3} In the first assignment of error, Cain claims that the findings made by the trial court violate the U.S. Supreme Court's ruling in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. Pursuant to the ruling of the Ohio Supreme Court in State v. Foster, ___ Ohio St.3d ____, 2006-Ohio-856, we find that Cain's sentence is void as being based upon unconstitutional statutes. Thus, the first assignment of error is sustained.
 {¶ 4} Cain next argues that the trial court made numerous errors at the sentencing hearing which deprived him of his constitutional rights. The trial court stated that Cain lacked remorse for his offense because even though he agreed to plead guilty, he refused to accept the state's sentencing recommendation and entered evidence in mitigation. Although the trial court no longer may make findings of fact, it must still consider this factor during sentencing. The Ohio Supreme Court has held that all defendants have a right to present information in mitigation. State v. Campbell, 90 Ohio St.3d 320,2000-Ohio-183. By holding otherwise this court would require a defendant to choose between exercising the right and a receiving a longer sentence or waiving the right, remaining mute and receiving a shorter sentence. This holding would violate the right of a defendant to due process. Thus, the trial court erred by considering the exercise of a right to allocution to be a sign of lack of remorse. The second assignment of error is sustained.
 {¶ 5} In the third assignment of error, Cain claims that the trial court erred in imposing costs and a mandatory fine when he was indigent. The trial court is required to impose court costs in every criminal case. R.C. 2947.23(A)(1). The Ohio Supreme Court held in State v. White, 102 Ohio St.3d 580,2004-Ohio-5989 and reiterated in State v. Threatt,108 Ohio St.3d 277, 2006-Ohio-905, that the trial court may assess court costs against an indigent defendant and the clerk of courts may attempt collection of those costs. Thus, the trial court did not err in imposing the court costs.
 {¶ 6} Cain also claims that the trial court erred in imposing the mandatory fine upon an indigent defendant. A defendant is not automatically entitled to a waiver of the fine merely because he or she files an affidavit of indigency. State v. Gipson (1998),80 Ohio St.3d 626, 687 N.E.2d 750. The defendant bears the responsibility of presenting evidence that he is indigent. Id. The Ohio Supreme Court held that the trial court may consider future ability to pay as well. Id. However, the trial court distinguished its holding in Gipson, where the defendant was placed on probation, from cases where the defendant was sentenced to a lengthy prison term. Id. The trial court specifically did not overrule the holdings in State v. Pendleton (1995),104 Ohio App.3d 785, 663 N.E.2d 395 (holding that the mere possibility of an offender's future ability to pay a fine as the basis for determining that the mandatory fine should be imposed is not proper), State v. Lefever (1993), 91 Ohio App.3d 310,632 N.E.2d 589 (holding that the possible future ability to pay is not sufficient to overcome an uncontested affidavit of indigency), and State v. Gutierrez (1994), 95 Ohio App.3d 414,642 N.E.2d 674 (holding that the trial court erred by imposing a fine when incarceration would preclude payment of the mandatory fine). State v. Gilmer, 6th Dist. No. OT-01-015, 2002-Ohio-2045.
 {¶ 7} In this case, evidence was presented that Cain was making sufficient money to help pay bills at the house in which he was living. Cain claimed that he paid approximately $360 per month in rent and $100 a month to help with utilities. His girlfriend, the owner of the home, testified that he gave her some money and helped out around the house, but did not know exactly how much money.[1] Cain also testified that he spent money helping to repair the foundation of the home, though the exact amount was not clear from the record. Cain testified that he did the work himself, but had to buy supplies and rent equipment. However, the mere fact that Cain was able to pay his rent and helped to repair the home in which he resided in the past is not evidence of his present or future assets. Thus Cain's only evidence of assets before the trial court was an old pick-up truck of uncertain value and a savings account of approximately $200 listed in the presentence investigation. The state argued to the trial court and to this court that Cain was a hard worker and would be able to pay the fine once he was released from prison. The trial court has broad discretion in determining whether a defendant is indigent as it is a question of fact. Given the circumstances requiring this matter be remanded for resentencing, the question of whether the defendant is indigent, and thus subject to a waiver of the mandatory fine, must be revisited by the trial court. For this reason, the assignment of error is rendered moot.
 {¶ 8} The judgment of the Court of Common Pleas of Union County is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
 Shaw, J., concurs.
 Rogers, J., concurs in judgment only.
[1] Cain and his girlfriend moved into the home at the end of June. Cain entered a guilty plea on July 6 and the sentencing hearing was held on August 30. Thus only two months of rental payments could have been made before Cain was sentenced.