[Cite as *State v. Browne*, 2025-Ohio-1697.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  V.

ANTHONY ALLEN BROWNE,

    DEFENDANT-APPELLANT.

CASE NO. 6-24-13

OPINION AND
JUDGMENT ENTRY

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20242096

Judgment Reversed and Cause Remanded

Date of Decision:  May 12, 2025

APPEARANCES:

    *Christopher Bazeley* for Appellant

    *Morgan S. Fish* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Anthony Allen Browne ("Browne"), appeals the September 5, 2024 judgment entry of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we reverse and remand for resentencing.

{¶2} On May 9, 2024, the Hardin County Grand Jury indicted Browne on seven counts: Count One of illegal cultivation of marihuana in violation of R.C. 2925.04(A), (C)(5)(d), a third-degree felony; Count Two of possession of marihuana in violation of R.C. 2925.11(A), (C)(3)(d), a third-degree felony; Count Three of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; Counts Four and Seven of possessing criminal tools in violation of R.C. 2923.24(A), (C), fifth-degree felonies; Count Five of possession of hashish in violation of R.C. 2925.11(A), (C)(7)(a), a minor misdemeanor; and Count Six of illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(2), a second-degree felony. The indictment included forfeiture specifications as to Counts Four, Six, and Seven. On May 21, 2024, Browne appeared for arraignment and pleaded not guilty to the counts and specifications in the indictment.

{¶3} On July 5, 2024, Browne withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to Counts One and Six and the forfeiture specifications as to Count Six. In exchange for his change of pleas, the

State agreed to dismiss the remaining counts and specifications and agreed to a joint sentencing recommendation. The trial court accepted Browne's guilty pleas, found him guilty, and later dismissed the remaining counts and specifications. Browne filed a motion to set aside mandatory fines due to indigency on July 8, 2024.

{¶4} On September 5, 2024, the trial court sentenced Browne (based on the joint sentencing recommendation of the parties) to 30 months in prison on Count One and to a minimum term of two years to a maximum term of three years in prison on Count Six. The trial court ordered Browne to serve the prison terms consecutively for an aggregate sentence of a minimum term of four and a half years to a maximum term of five and a half years in prison. The trial court further imposed fines of $5,000 as to Count One and $7,500 as to Count Six, resulting in an aggregate fine of $12,500, in addition to ordering $900.00 in restitution and payment of court-appointed counsel fees.

{¶5} Browne filed his notice of appeal on September 11, 2024. He raises four assignments of error for our review. Because it is dispositive, we will begin by addressing Browne's first assignment of error.

## First Assignment of Error

**The Trial Court Failed to Advise Browne Of His Rights Under The Regan [sic] Tokes Act At Sentencing.**

{¶6} In his first assignment of error, Browne argues that his sentence warrants reversal because the trial court did not provide the requisite notification of

his rights under the Reagan Tokes Act, as mandated by R.C. 2929.19(B)(2)(c). The State concedes this error.

*Standard of Review*

**{¶7}** R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶8}** However, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all sentencing provisions." *Underwood* at ¶ 20. "[W]hen a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

*Analysis*

**{¶9}** Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), "'significantly altered the sentencing structure for many of Ohio's most serious felonies' by implementing an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date." *State v. Stenson*, 2022-Ohio-2072, ¶ 5 (6th Dist.), quoting *State v. Polley*, 2020-Ohio-3213, ¶ 5, fn. 1 (6th Dist.). Specifically, "[t]he Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144." *Id.*

**{¶10}** When imposing an indefinite prison term, R.C. 2929.19(B)(2)(c) mandates that the trial court notify the offender of the following:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;
>
> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;
>
> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's

incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

*See, e.g.*, *State v. Kozee*, 2025-Ohio-364, ¶ 50 (4th Dist.).

**{¶11}** In this case, despite Browne's acknowledgment of the R.C. 2929.19(B)(2)(c) release notifications within the terms of his negotiated plea agreement, the record reflects that the trial court did not provide these notifications at his sentencing hearing. *See State v. Thompson*, 2021-Ohio-4027, ¶ 31 (2d Dist.) (affirming that the R.C. 2929.19(B)(2)(c) notifications "'must be given at the sentencing hearing'"), quoting *State v. Massie*, 2021-Ohio-3376, ¶ 22 (2d Dist.). Because the trial court failed to provide the mandatory Reagan Tokes notifications at Browne's sentencing hearing, his sentence is contrary to law and not authorized by law. *See Massie* at ¶ 23; *State v. Van Den Eynde*, 2023-Ohio-1790, ¶ 7 (3d Dist.).

**{¶12}** Consequently, Browne's first assignment of error is sustained and we remand this matter for resentencing.

**Second Assignment of Error**

**The Trial Court Erred When It Implicty [sic] Overruled Browne's Motion And Affidavit To Waive Mandatory Fines.**

**Third Assignment of Error**

**The Trial Court Erred When It Ordered Browne to Pay Restitution When The Record Shows That He Lacked The Ability To Pay.**

**Fourth Assignment of Error**

**The Trial Court Erred When It Ordered Browne To Pay His Court-Appointed Counsel Fees Without Finding That He Had The Ability to Pay.**

{¶13} In his second, third, and fourth assignments of error, Browne argues that the trial court erred by imposing mandatory fines, restitution, and ordering that he pay his court-appointed attorney fees without assessing his present and future ability to pay. However, based on our decision to sustain Browne's first assignment of error and remand the matter for resentencing, Browne's second, third, and fourth assignments of error are rendered moot and we decline to address them. *See State v. Cain*, 2006-Ohio-1779, ¶ 7 (3d Dist.) (resolving that Cain's assignment of error challenging the trial court's imposition of a mandatory fine was rendered moot since the "matter [must] be remanded for resentencing, [so] the question of whether the defendant is indigent, and thus subject to a waiver of the mandatory fine, must be revisited by the trial court"); App.R. 12 (A)(1)(c).

{¶14} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

***Judgment Reversed***
***and Cause Remanded***

**MILLER and WILLAMOWSKI, J.J., concur.**

## **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the first assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

William R. Zimmerman, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/hls